# EXHIBIT A

| STATE OF ILLINOIS | ) |
| --- | --- |
| | ) |
| COUNTY OF C O O K | ) |

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

KORTNEE ROBERSON, AS SPECIAL  )
ADMINISTRATOR OF THE ESTATE OF )
DORIS ROBERSON, DECEASED,      )
                               )
              Plaintiff,       )
                               )
vs.                            ) No.
                               )
INGALLS HEALTH SYSTEM,         )
THE INGALLS MEMORIAL HOSPITAL, )
FAMILY CHRISTIAN HEALTH CENTER,)
DR. WANDA HATTER-STEWART,      )
                               )
              Defendants.      )

## COMPLAINT

### COUNT I
(Claim against Ingalls Health System and The Ingalls Memorial Hospital)

The Plaintiff, Kortnee Roberson, as Special Administrator of the Estate of Doris Roberson, deceased, states the following allegations against the Defendants, Ingalls Health System and Ingalls Memorial Hospital, on information and belief:

1. At all relevant times, the Decedent, Doris Roberson, was a patient of the Defendants and lived in the City of Dolton, County of Cook, State of Illinois prior to her death.

2. At all relevant times, the Plaintiff, Kortnee Roberson, did and does live in the City of Chicago, County of Cook, State of Illinois.

3. At all relevant times, the Defendant, Ingalls Health System, (hereinafter

referred to as "System"), was and is a corporate business entity that did and is doing business in the City of Harvey, Count of Cook, State of Illinois.

4. At all relevant times, the Defendant, The Ingalls Memorial Hospital, (hereinafter referred to as "Hospital"), was and is a corporate entity that did and is doing business including in the City of Harvey, County of Cook, State of Illinois.

5. At all relevant times, the Defendant, System, and the Defendant, Hospital, owned, operated, managed, maintained and provided health care services at and through their agents and employees at a hospital commonly known as Ingalls Memorial Hospital located at or about One Ingalls Drive in the City of Harvey, County of Cook, State of Illinois.

6. At all relevant times, the Defendant, System, and the Defendant, Hospital, (hereinafter collectively referred to as "Ingalls"), provided health care serves by and through their respective employees and agents to individuals at the aforementioned hospital commonly known as Ingalls Memorial Hospital.

7. From at least January 28, 2010 through and including February 6, 2010, the Decedent, Doris Roberson, received healthcare services from the Defendants, Ingalls, and each of them, acting by and through their respective agents and employees.

8. On or about January 28, 2010, the Decedent, Doris Roberson, was admitted to the Defendants, Ingalls' facility commonly known as Ingalls Memorial Hospital with shortness of breath and wheezing.

9. While admitted to the Defendants, Ingalls' hospital, the Decedent, Doris Roberson, was assessed for various conditions by the Defendants' employees, agents, physicians and/or nurses, including but not limited to Dr. Wanda Hatter-Stewart.

10. At all relevant times, the Defendant, Dr. Wanda Hatter-Stewart, was an employee or agent of the Defendants, Ingalls.

11. In the alternative, at all relevant times, the Defendant, Dr. Wanda Hatter-Stewart, was an independent contractor of the Defendants, Ingalls.

12. In the alternative, at all relevant times, the Defendant, Dr. Wanda Hatter-Stewart, independently or through an agreement entered into between the Defendants, Ingalls, and the Defendant, Family Christian Health Center, was to provide services to patients admitted to the Defendants, Ingalls' hospital.

13. At all relevant times, the Defendant, Dr. Wanda Hatter-Stewart, acting as an agent, employee, independent contractor or pursuant to an agreement held directly with the Defendants, Ingalls, or through the Defendant, Family Christian Health Center, provided and oversaw the care and treatment provided to the Decedent, Doris Roberson.

14. At all relevant times, the Defendant, Family Christian Health Center, provided health care professionals, including but not limited to the co-Defendant, Dr. Wanda Hater-Stewart, to provide care and treatment to patients at the Defendants, Ingalls' aforementioned hospital in exchange for payment or some other benefit.

15. At all relevant times, the Defendants, Ingalls, acting by and through their agents, employees and health care providers, including but not limited to those working for or at the directions of the Defendants, Ingalls, the Defendant, Family Christian Health Center, and the Defendant, Dr. Wanda Hatter-Stewart, provided the Decedent, Doris Roberson with medications, including but not limited to heparin.

16. During the aforesaid admission, the Decedent, Doris Roberson, exhibited signs of internal bleeding or hemorrhage, including but not limited to retroperitoneal hemorrhage.

17. At all relevant times, the Defendants, Ingall's nursing staff, did or was to monitor the Decedent, Doris Roberson, and her conditions.

18. In providing medical care, treatment and services to the Decedent, Doris Roberson, it was the duty of the Defendants, Ingalls, and each of them, acting by and through their respective agents and employees, including but not limited to their physicians, employees, agents, nurses and technicians, to furnish the Decedent with competent, qualified, and skilled medical services, including diagnosis, care, treatment, follow-up and monitoring services.

19. In breach of this duty, the Defendants, Ingalls, and each of them, breached their respective duty of care by committing one or more of the following acts and/or omissions:

a. failed to properly and promptly diagnose, treat, follow-up, monitor and care for the Decedent's and her conditions;

b. failed to promptly and properly diagnose and treat the Decedent's condition related to the retroperitoneal and intra-abdominal hemorrhage, including but not limited to the resulting hemorrhagic shock and multi-organ system failure;

c. caused and allowed the bleeding to exist, continue and remain without proper care and treatment longer than was reasonable;

d. failed to promptly and properly provide, institute, order, follow-up, communicate and monitor appropriate work-up, diagnostic and therapeutic tests and care measures to treat the Decedent's conditions;

e. failed to promptly and properly provide, institute, order, follow-up, communicate and monitor appropriate work-up, diagnostic and therapeutic tests and care measures for the Decedent and the conditions she had;

f. failed to use prompt and proper skill, knowledge and technique in providing and securing the provision of appropriate care services, including examining, diagnosing, monitoring, treating and performing the services for the Decedent and her conditions;

g. failed to use or provide for the appropriate diagnostic work-up, monitoring and treatment of the Decedent, and/or her conditions, including but not limited to the need for, contraindications, monitoring and care related to the heparin use;

h.  failed to provide and obtain reasonably well-qualified health care professionals, including physicians, consultants, nurses, employees and agents, for the diagnosis, care, monitoring and treatment of the Decedent;

i.  failed to promptly and appropriately provide for continuity of appropriate care for the Decedent;

j.  failed to properly and appropriately communicate, advise, and instruct the individuals providing care and treatment to the Decedent;

k.  failed to properly establish, direct, monitor and follow appropriate applicable hospital rules, regulations, policies, procedures, customs and practices in the care and treatment related to the Decedent and her conditions;

l.  failed to promptly and properly communicate and advise the Decedent of her conditions, the care being performed and the risks and alternatives to such care;

m.  was otherwise negligent in providing care to and for the Decedent.

20. As a direct and proximate result of the negligent acts and/or omissions of the Defendants, Ingalls, and each of them, the Decedent, Doris Roberson, suffered significant pain, suffering, disfigurement, disability, suffered a worsening and/or aggravation of her underlying conditions, was prevented from attending to her usual and customary affairs and duties, experienced and suffered the loss of her full enjoyment of her time, required additional care services and incurred substantial expenses, including but not limited to medical, care and other expenses as a result of the care and treatment needed for her conditions, and suffered greatly until her death and died as a result of such negligent acts and/or omissions on or about February 6, 2010.

21. The Decedent, Doris Roberson, left as her only surviving heirs her children, Kortnee Roberson, Casey Roberson, Joree Roberson and Brandon Wright.

22. On February 24, 2011, the Plaintiff, Kortnee Roberson, was appointed as the Special Administrator of the Estate of Doris Roberson, deceased, and is authorized to bring this cause of action.

23. The Plaintiff brings this Count for and on behalf of the Decedent's heirs, Kortnee Roberson, Casey Roberson, Joree Roberson and Brandon Wright. The heirs have and with reasonable likelihood will continue to suffer pecuniary damages, expenses, the loss of society, love, companionship, support, consortium, services, comfort and guidance, and other losses as a result of the untimely death of the Decedent, Doris Roberson, caused by these Defendants' negligent acts and/or omissions.

24. At all relevant times, there was in full force and effect a statute in the State of Illinois commonly known as the Wrongful Death Act, 740 ILCS 180, et seq., which provides a cause of action for the death of a person by wrongful act, neglect or default.

25. Attached hereto is the Affidavit required under 735 ILCS 5/2-622.

WHEREFORE, the Plaintiff, Kortnee Roberson, as Special Administrator for the Estate of Doris Roberson, deceased, prays for judgment against the Defendants, Ingalls Memorial Hospital and Ingalls Memorial Healthcare, in an amount in excess of the jurisdictional minimum of Fifty Thousand Dollars ($50,000.00), together with the costs of the suit.

## COUNT II

(Count Against Family Christian Health Center)

The Plaintiff, Kortnee Roberson, as Special Administrator of the Estate of Doris Roberson, deceased, states the following allegations against the Defendant, Family Christian Health Center, on information and belief:

1. At all relevant times, the Decedent, Doris Roberson, was a patient of the Defendant, Christian Family Health Center (hereinafter referred to as "Center") and lived in the City of Dolton, County of Cook, State of Illinois prior to her death.

2. At all relevant times, the Plaintiff, Kortnee Roberson, did and does live in the City of Chicago, County of Cook, State of Illinois.

3. At all relevant times, the Defendant, Center was and is a corporate business entity that did and is doing business in the City of Harvey, Count of Cook, State of Illinois.

4. At all relevant times, the Defendant, Center, owned, operated, managed, maintained and provided health care services at and through its agents and employees, including by providing care at its location at or about 31 W. 155th Street in the City of Harvey, County of Cook, State of Illinois.

5. At all relevant times, the Defendant, Center, provided health care serves by and through their respective physicians, employees and agents to individuals at the aforementioned hospital commonly known as Ingalls Memorial Hospital.

6. From at least January 28, 2010 through and including February 6, 2010, the Decedent, Doris Roberson, received healthcare services from the Defendant, Center, acting by and through its respective agents and employees.

7. On or about January 28, 2010, the Decedent, Doris Roberson, was admitted to the co-Defendants, Ingalls' facility commonly known as Ingalls Memorial Hospital with shortness of breath and wheezing and was seen by the Defendant, Center, acting by and through one or more of its physicians, employees and/or agents.

8. While admitted to the Defendants, Ingalls' hospital, the Decedent, Doris Roberson, was assessed for various conditions by one or more of the Defendant, Center's employees, agents, physicians and/or nurses, including but not limited to Dr. Wanda Hatter-Stewart.

9. At all relevant times, the Defendant, Dr. Wanda Hatter-Stewart, was an employee or agent of the Defendant, Center.

10. In the alternative, at all relevant times, the Defendant, Dr. Wanda Hatter-Stewart, was an independent contractor of the Defendant, Center.

11. In the alternative, at all relevant times, the Defendant, Dr. Wanda Hatter-Stewart, independently or through an agreement entered into between the Defendants, Ingalls, and the Defendant, Center, was to provide services to patients admitted to the Defendants, Ingalls' hospital.

12. At all relevant times, the Defendant, Dr. Wanda Hatter-Stewart, acting as an agent, employee, independent contractor or pursuant to an agreement held directly with the Defendants, Ingalls, or through the Defendant, Family Christian Health Center, provided and oversaw the care and treatment provided to the Decedent, Doris Roberson.

13. At all relevant times, the Defendant, Center, provided health care professionals, including but not limited to the co-Defendant, Dr. Wanda Hater-Stewart, to provide care and treatment to patients at the Defendants, Ingalls' aforementioned hospital in exchange for payment or some other benefit.

14. At all relevant times, the Defendants, Ingalls, acting by and through their agents, employees and health care providers, including but not limited to those working for or at the directions of the Defendants, Ingalls, the Defendant, Family Christian Health Center, and the

Defendant, Dr. Wanda Hatter-Stewart, provided the Decedent, Doris Roberson with medications, including but not limited to heparin.

15. During the aforesaid admission, the Decedent, Doris Roberson, exhibited signs of internal bleeding or hemorrhage, including but not limited to retroperitoneal hemorrhage.

16. At all relevant times, the Defendant, Center, acting by and through one or more of its agents, employees and physicians, including but not limited to the Defendant, Dr. Wanda Hatter-Stewart, did or was to monitor the Decedent, Doris Roberson, and her conditions.

17. In providing medical care, treatment and services to the Decedent, Doris Roberson, it was the duty of the Defendant, Center, acting by and through its respective agents and employees, including but not limited to its physicians, employees, agents, nurses and technicians, including by not limited to the Defendant, Dr. Wanda Hatter-Stewart, to furnish the Decedent with competent, qualified, and skilled medical services, including diagnosis, care, treatment, follow-up and monitoring services.

18. In breach of this duty, the Defendant, Center, acting by and through its agents and employees, including but not limited to its physicians, employees, agents, nurses and technicians, including by not limited to the Defendant, Dr. Wanda Hatter-Stewart, breached its duty of care by committing one or more of the following acts and/or omissions:

a.  failed to properly and promptly diagnose, treat, follow-up, monitor and care for the Decedent's and her conditions;

b.  failed to promptly and properly diagnose and treat the Decedent's condition related to the retroperitoneal and intra-abdominal hemorrhage, including but not limited to the resulting hemorrhagic shock and multi-organ system failure;

c.  caused and allowed the bleeding to exist, continue and remain without proper care and treatment longer than was reasonable;

d.  failed to promptly and properly provide, institute, order, follow-up, communicate and monitor appropriate work-up, diagnostic and therapeutic tests and care measures to treat the Decedent's conditions;

e.  failed to promptly and properly provide, institute, order, follow-up, communicate and monitor appropriate work-up, diagnostic and therapeutic tests and care measures for the Decedent and the conditions she had;

f.  failed to use prompt and proper skill, knowledge and technique in providing and securing the provision of appropriate care services, including examining, diagnosing, monitoring, treating and performing the services for the Decedent and her conditions;

g.  failed to use or provide for the appropriate diagnostic work-up, monitoring and treatment of the Decedent, and/or her conditions, including but not limited to the need for, contraindications, monitoring and care related to the heparin use;

h.  failed to provide and obtain reasonably well-qualified health care professionals, including physicians, consultants, nurses, employees and agents, for the diagnosis, care, monitoring and treatment of the Decedent;

i.  failed to promptly and appropriately provide for continuity of appropriate care for the Decedent;

j.  failed to properly and appropriately communicate, advise, and instruct the individuals providing care and treatment to the Decedent;

k.  failed to properly establish, direct, monitor and follow appropriate applicable hospital rules, regulations, policies, procedures, customs and practices in the care and treatment related to the Decedent and her conditions;

l.  failed to promptly and properly communicate and advise the Decedent of her conditions, the care being performed and the risks and alternatives to such care;

m.  was otherwise negligent in providing care to and for the Decedent.

19.  As a direct and proximate result of the negligent acts and/or omissions of the Defendant, Center, the Decedent, Doris Roberson, suffered significant pain, suffering, disfigurement, disability, suffered a worsening and/or aggravation of her underlying conditions, was prevented from attending to her usual and customary affairs and duties, experienced and suffered the loss of her full enjoyment of her time, required additional care services and incurred

substantial expenses, including but not limited to medical, care and other expenses as a result of the care and treatment needed for her conditions, and suffered greatly until her death and died as a result of such negligent acts and/or omissions on or about February 6, 2010.

20. The Decedent, Doris Roberson, left as her only surviving heirs her children, Kortnee Roberson, Casey Roberson, Joree Roberson and Brandon Wright.

21. On February 24, 2011, the Plaintiff, Kortnee Roberson, was appointed as the Special Administrator of the Estate of Doris Roberson, deceased, and is authorized to bring this cause of action.

22. The Plaintiff brings this Count for and on behalf of the Decedent's heirs, Kortnee Roberson, Casey Roberson, Joree Roberson and Brandon Wright. The heirs have and with reasonable likelihood will continue to suffer pecuniary damages, expenses, the loss of society, love, companionship, support, consortium, services, comfort and guidance, and other losses as a result of the untimely death of the Decedent, Doris Roberson, caused by these Defendants' negligent acts and/or omissions.

23. At all relevant times, there was in full force and effect a statute in the State of Illinois commonly known as the Wrongful Death Act, 740 ILCS 180, et seq., which provides a cause of action for the death of a person by wrongful act, neglect or default.

24. Attached hereto is the Affidavit required under 735 ILCS 5/2-622.

WHEREFORE, the Plaintiff, Kortnee Roberson, as Special Administrator for the Estate of Doris Roberson, deceased, prays for judgment against the Defendant, Family Christian Health Center, in an amount in excess of the jurisdictional minimum of Fifty Thousand Dollars ($50,000.00), together with the costs of the suit.

## COUNT III

(Count Against Dr. Wanda Hatter-Stewart)

The Plaintiff, Kortnee Roberson, as Special Administrator of the Estate of Doris Roberson, deceased, states the following allegations against the Defendant, Dr. Wanda Hatter-Stewart, on information and belief:

1. At all relevant times, the Decedent, Doris Roberson, was a patient of the Defendants, Ingalls Health System, Ingalls Memorial Hospital, Family Christian Health Center, and the Defendant, Dr. Wanda Hatter-Stewart, and lived in the City of Chicago, County of Cook, State of Illinois.

2. At all relevant times, the Plaintiff, Kortnee Roberson, did and does live in the City of Chicago, County of Cook, State of Illinois.

3. At all relevant times, the Defendant, Dr. Wanda Hater-Stewart, was and is a physician licensed to practice and practicing internal medicine and had an office located at or with the co-Defendant, Family Christian Health Center at 31 West 155th Street in Harvey, Cook County, Illinois.

4. At all relevant times, the Defendant, Dr. Wanda Hater-Stewart, provided medical care to the Decedent, Doris Roberson.

5. From at least January 28, 2010 through and including February 6, 2010, the Decedent, Doris Roberson, received healthcare services from the Defendants, Ingalls, and each of them, acting by and through their respective agents and employees, including but not limited to the Defendant, Dr. Wanda Hatter-Smith.

6. On or about January 28, 2010, the Decedent, Doris Roberson, was admitted to the facility commonly known as Ingalls Memorial Hospital with shortness of breath and wheezing.

7. While admitted to the Defendant, Ingalls Health System, and the Defendant, Ingalls Memorial Hospital's (hereinafter referred to as "Ingalls") hospital, the Decedent, Doris Roberson, was assessed for various conditions by the Defendants' employees, agents, physicians and/or nurses, including but not limited to Dr. Wanda Hatter-Stewart.

8. At all relevant times, the Defendant, Dr. Wanda Hatter-Stewart, was an employee or agent of the Defendant, Family Christian Health Center.

9. In the alternative, at all relevant times, the Defendant, Dr. Wanda Hatter-Stewart, was an employee, agent or independent contractor of the Defendants, Ingalls.

10. In the alternative, at all relevant times, the Defendant, Dr. Wanda Hatter-Stewart, independently or through an agreement entered into between the Defendants, Ingalls, and the Defendant, Family Christian Health Center, was to provide services to patients admitted to the Defendants, Ingalls' hospital.

11. At all relevant times, the Defendant, Dr. Wanda Hatter-Stewart, provided and oversaw the care and treatment provided to the Decedent, Doris Roberson.

12. At all relevant times, the Defendant, Family Christian Health Center, provided health care professionals, including but not limited to the co-Defendant, Dr. Wanda Hater-Stewart, to provide care and treatment to patients at the Defendants, Ingalls' aforementioned hospital in exchange for payment or some other benefit.

13. At all relevant times, the Defendants, Ingalls, acting by and through their agents, employees and health care providers, including but not limited to those working for or at the directions of the Defendants, Ingalls, the Defendant, Family Christian Health Center, and the Defendant, Dr. Wanda Hatter-Stewart, provided the Decedent, Doris Roberson with medications, including but not limited to heparin.

14. During the aforesaid admission, the Decedent, Doris Roberson, exhibited signs of internal bleeding or hemorrhage, including but not limited to retroperitoneal hemorrhage.

15. At all relevant times, the Defendants, Ingall's nursing staff, did or was to monitor the Decedent, Doris Roberson, and her conditions, under the direction of the Defendant, Dr. Wanda Hatter-Stewart.

16. In providing medical care, treatment and services to the Decedent, Doris Roberson, it was the duty of the Defendant, Dr. Wanda Hatter-Stewart, to possess and apply the knowledge and skill ordinarily possessed and applied by reasonably well qualified physicians, internal medicine specialists under similar circumstances in the same or similar communities.

17. In breach of this duty, the Defendant, Dr. Wanda Hatter-Stewart, breached her respective duty of care by committing one or more of the following acts and/or omissions:

a. failed to properly and promptly diagnose, treat, follow-up, monitor and care for the Decedent's and her conditions;

b. failed to promptly and properly diagnose and treat the Decedent's condition related to the retroperitoneal and intra-abdominal hemorrhage, including but not limited to the resulting hemorrhagic shock and multi-organ system failure;

c. caused and allowed the bleeding to exist, continue and remain without proper care and treatment longer than was reasonable;

d. failed to promptly and properly provide, institute, order, follow-up, communicate and monitor appropriate work-up, diagnostic and therapeutic tests and care measures to treat the Decedent's conditions;

e. failed to promptly and properly provide, institute, order, follow-up, communicate and monitor appropriate work-up, diagnostic and therapeutic tests and care measures for the Decedent and the conditions she had;

f. failed to use prompt and proper skill, knowledge and technique in providing and securing the provision of appropriate care services, including examining, diagnosing, monitoring, treating and performing the services for the Decedent and her conditions;

g. failed to use or provide for the appropriate diagnostic work-up, monitoring and treatment of the Decedent, and/or her conditions, including but not limited to the need for, contraindications, monitoring and care related to the heparin use;

h. failed to provide and obtain reasonably well-qualified health care professionals, including physicians, consultants, nurses, employees and agents, for the diagnosis, care, monitoring and treatment of the Decedent;

i. failed to promptly and appropriately provide for continuity of appropriate care for the Decedent;

j. failed to properly and appropriately communicate, advise, and instruct the individuals providing care and treatment to the Decedent;

k. failed to properly establish, direct, monitor and follow appropriate applicable hospital rules, regulations, policies, procedures, customs and practices in the care and treatment related to the Decedent and her conditions;

l. failed to promptly and properly communicate and advise the Decedent of her conditions, the care being performed and the risks and alternatives to such care;

m. was otherwise negligent in providing care to and for the Decedent.

18. As a direct and proximate result of the negligent acts and/or omissions of the Defendant, Dr. Wanda Hatter-Stewart, the Decedent, Doris Roberson, suffered significant pain, suffering, disfigurement, disability, suffered a worsening and/or aggravation of her underlying conditions, was prevented from attending to her usual and customary affairs and duties, experienced and suffered the loss of her full enjoyment of her time, required additional care services and incurred substantial expenses, including but not limited to medical, care and other expenses as a result of the care and treatment needed for her conditions, and suffered greatly until her death and died as a result of such negligent acts and/or omissions on or about February 6, 2010.

19. The Decedent, Doris Roberson, left as her only surviving heirs her children, Kortnee Roberson, Casey Roberson, Joree Roberson and Brandon Wright.

20. On February 24, 2011, the Plaintiff, Kortnee Roberson, was appointed as the Special Administrator of the Estate of Doris Roberson, deceased, and is authorized to bring this cause of action.

21. The Plaintiff brings this Count for and on behalf of the Decedent's heirs, Kortnee Roberson, Casey Roberson, Joree Roberson and Brandon Wright. The heirs have and with reasonable likelihood will continue to suffer pecuniary damages, expenses, the loss of society, love, companionship, support, consortium, services, comfort and guidance, and other losses as a result of the untimely death of the Decedent, Doris Roberson, caused by these Defendant's negligent acts and/or omissions.

22. At all relevant times, there was in full force and effect a statute in the State of Illinois commonly known as the Wrongful Death Act, 740 ILCS 180, et seq., which provides a cause of action for the death of a person by wrongful act, neglect or default.

23. Attached hereto is the Affidavit required under 735 ILCS 5/2-622.

WHEREFORE, the Plaintiff, Kortnee Roberson, as Special Administrator for the Estate of Doris Roberson, deceased, prays for judgment against the Defendant, Dr. Wanda Hatter-Stewart, in an amount in excess of the jurisdictional minimum of Fifty Thousand Dollars ($50,000.00), together with the costs of the suit.

## COUNT IV

### (Survival Act)

The Plaintiff, Kortnee Roberson, as Special Administrator of the Estate of Doris Roberson, Deceased, by and through her attorneys, S. Jerome Levy & Associates, P.C., complaining against the Defendants, Ingalls Health System, Ingalls Memorial Hospital, Family Christian Health Center

amount in excess of the jurisdictional minimum of Fifty Thousand Dollars ($50,000.00), together with the costs of the suit.

Pursuant to Illinois Supreme Court Rule 222(b), the undersigned counsel for the Plaintiff avers that the money damages sought herein exceed FIFTY THOUSAND DOLLARS ($50,000.00).

By: _____
S. Jerome Levy

Atty. No. 41992
S. JEROME LEVY & ASSOCIATES, P.C.
One East Wacker Drive, Suite 2500
Chicago, Illinois 60601
(312) 832-1616